———————o———————

No. 3965.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF MRS. J. P. DUPRAT.

1.  Where property which is held in common by a minor and his surviving parent is adjudicated to the latter at the price of appraisement under Art 343 C. C., a special mortgage results therefrom and attaches to all the property sold as security for the payment of the price of adjudication.
2.  Independent of this special mortgage resulting from the adjudication the minor also has a *legal* mortgage on that property, and all other property owned by the natural tutor as security for all acts of the tutor growing out of the tutorship.
3.  The action of the minor against his tutor respecting the acts of tutorship, for the security of which the minor has a *legal* mortgage, is prescribed by four years beginning from the day the minor attains his majority.
4.  When this prescription has ran the *legal* mortgage, which is but an accessory to the principal obligation, necessarily follows it and disappears with it.

Appeal from Civil District Court, Division D.

Wynn G. Rogers, attorney for petitioner.

R. J. & P. W. Maloney and Frank Drolla, attorneys for

J. P. Duprat, plaintiff in rule and appellant.

MOORE, J. Clara Klumpp, deceased wife of Jean Pierre Duprat, died on the 1st. November, 1883, leaving several children, all minors, and a last will and testament in

which her husband was named as executor. The estate consisted of several pieces of real estate and some personal property, and was administered by Duprat who had been confirmed as testamentary executor and also as the natural tutor of the minors.

On the 4th November, 1884, the entire real property, the same being community property, was duly adjudicated to Duprat at the price of appraisement. Thereafter, on the 26th January, 1885, the general mortgage of the minors which operated as security for the tutor's administration and the responsibility resulting from it, was duly substituted by a special mortgage on two certain lots of ground belonging to the tutor.

Thereafter no further proceedings were had and no liquidation and settlement of the tutorship was made. One of the minors died in 1885 at the age of six years. Of the other two minors, there being three in all, one reached the age of majority on the 13th January, 1892, and the other on the 15th December, 1898. On the 9th January, 1906, eight years after the majority of one of the heirs, and 14 years after that of the other, the tutor sued out a rule against these heirs to show cause why the special mortgage referred to should not be cancelled and the inscription thereof erased from the records of the mortgage office, on the ground that more than four years had elapsed since the majority of said heirs and that hence any action which the minors may have had against him, the mover, as tutor, is prescribed.

The answer of the heirs admits the special mortgage on the property described as so affected, but denies that any of the rights of the respondents are prescribed as alleged.

There was judgment dismissing the rule and the mover therein appeals. The petition of the tutor for authority to substitute a special mortgage; the order of Court thereon; the process verbal of the family meeting and its approval and homologation by the Court and the act of mortgage itself, specially declare, that the substitution of the special mortgage is to be in lieu, as it can only be, C. C. 325 to 332, of the general mortgage, *id est*, the *legal* mortgage which the minors had on all the property of their tutor, as security for tutor's administration of the minors' property and the responsibility resulting therefrom, and not as a substitute for the special mortgage

which the minors had on the property sold to secure them the price of adjudication.

When the adjudication took place a *special mortgage* in favor of the minors resulted therefrom and attached to all the property sold as security for the payment of the price of adjudication. Independent of this special mortgage resulting from the adjudication, the minors also had a *legal* mortgage on that, as well as on all other property owned by the tutor as security for all acts of the tutor growing out of the tutorship. Marsey vs. Steeg 12 A. 78. It is this latter mortgage, the *general* or *legal* mortgage, which the law contemplates may be substituted by a mortgage restricted in its operation and effect to certain specific property, and it is this *general* mortgage, as we have stated, which was substituted by the mortgage on the specific property. The rule sued out as we understand it, and judging from the particular prescription pleaded— the prescription of four years—confines its attack to the special mortgage of January 26th, 1885, which was given in lieu of the legal mortgage, and not to the special mortgage which the minors have on the property adjudicated to the father as security for the price of adjudication.

So understanding the issue it is clear in our opinion, that the inscription of the substituted special mortgage of January 26th, 1885, must be cancelled and erased as the principal debt or obligation which it is intended to secure is extinguished by the prescription pleaded.

A mortgage is but the accessory to a principal obligation which it is designed to strengthen and of which it is to secure the execution C. C. 3284; consequently it is essentially necessary to its existence that there shall be a principal debt to serve it as a foundation. Hence it happens that in all cases where the principal debt is extinguished the mortgage disappears with it. C. C. 3285.

The principal debt or obligation which serves the minors' legal mortgage as a foundation is the debt or obligation of the tutor's respecting the acts of tutorship, C. C. 362, and this principal debt or obligation is extinguished after the lapse of four years beginning from the day of the minors' majority, if no steps have been taken by the minor to settle his rights and to enforce them. The action of the minor against his tutor respecting the acts of the tutorship is prescribed by four years, to begin from the day of his majority. C. C. 362.

"The action of the minor against his tutor respecting the acts of tutorship is prescribed by the lapse of four years to date from his majority, and the tacit mortgage given by law against the property of the tutor is extinguished by the same time" Aillot vs. Aubert 20 A. 509. The prescription runs whether the tutor has or has not, during his minority, rendered an account. Where prescription has run the mortgage which is an accessory to the principal, necessarily follows it and disappears with it. Cochran vs. Violet 37 A. 224.

For these reasons the judgment must be reversed and the rule maintained.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided, set aside and reversed and it is further ordered, adjudged and decreed that the rule herein sued out be maintained and accordingly that the special mortgage consented by J. P. Duprat in favor of his minor children of date January 26, 1885, be and the same is declared to be without any force or effect whatsoever so far as it purports to be security for any debt due to the minors John Henry Duprat and Rudolph Duprat by their natural tutor Jean Pierre Duprat respecting the acts of said tutor, and that the inscription of same in the mortgage records of the Parish of Orleans be cancelled and erased; but nothing herein is to be construed as affecting the minors' special mortgage on the property adjudicated to the tutor for the security of the payment of the price of the adjudication. The costs of both Courts to be taxed against the defendant in rule, appellees here.